UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS JOSEPH GODDARD,
Plaintiff,

v.

MICROSOFT CORPORATION,
Defendant.

Case No. 26-cv-01046-JST

**ORDER SCREENING AND DISMISS FIRST AMENDED COMPLAINT**

Re: ECF No. 42

Plaintiff Thomas Joseph Goddard filed this case on February 2, 2026. ECF No. 1. On February 4, 2026, Judge Thomas Hixson screened his complaint pursuant to 28 U.S.C. § 1915(e)(2) and found the complaint to be not frivolous. ECF No. 4. Goddard filed a first amended complaint on February 13, 2026. ECF No. 14. Because he proceeds in forma pauperis, the Court must screen his complaint again under 28 U.S.C. § 1915(e). Section 1915(e)(ii) requires the Court to dismiss his complaint if it "fails to state a claim on which relief may be granted."

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under [Section] 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations need not be detailed, but facts must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678–79. "Dismissal under

United States District Court
Northern District of California

United States District Court
Northern District of California

Rule 12(b)(6) is appropriate . . . where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

In his amended complaint, Goddard makes implausible claims about Microsoft Corporation blocking access to Goddard's email account for the purpose of preventing his access to evidence in other pending litigation about Anthropic PBC and his alleged creation of the GitHub software platform in 2009. ECF No. 14 ¶ 1. Examples of the allegations include:

> The acquisition is particularly egregious given that Events 0x3ED–0x3F0 establish Plaintiff's original creation of the GitHub platform itself in 2009. Microsoft acquired for $7.5 billion a platform that Plaintiff created using the Anthropic backend, from which Plaintiff was immediately expelled through coordinated administrator takeover by Dario Amodei and Vic Lee. See Event 0x36D (FreeRDP SourceForge Repository Theft by Jay Sorg and Vic Lee, August 2, 2009—same date as NeutrinoLabs GitHub takeover, Event 0x36C). The temporal coincidence of these repository thefts on August 2, 2009 demonstrates coordinated action.

*Id.* ¶ 20.

> Microsoft's denial of account access is consistent with a documented pattern of 655 discriminatory events against Plaintiff spanning 93.10 years (1933–2026). The statistical analysis demonstrates: (a) Chi-squared value: χ 2 = 18, 953.8, far exceeding the critical value for statistical significance; (b) P-value: p < 10−4113, representing virtual statistical certainty that the pattern is not random; (c) Acceleration factor: 253.2× increase in discriminatory events post-October 7, 2023; (d) Event density: 568 incidents over 2.34 years versus 87 incidents over 90.76 years prior.

*Id.* ¶¶ 30–31.

> The acceleration in discriminatory events correlates temporally with the October 7, 2023 Hamas attack on Israel and subsequent global increase in antisemitic incidents. The statistical pattern establishes that Microsoft's account denial is part of a coordinated campaign rather than an isolated technical issue.

*Id.* n . 59.

> Arjmand Hostage-Taking & IRC Recall (Event 0x43D): The equitable tolling is further supported by the hostage-taking by Mandana Mir Arjmand, who showed Plaintiff IRC conversations during captivity, triggering recall of events that had been suppressed. Arjmand's actions—which included transporting Plaintiff in a body bag, pointing a firearm, and declaring "I am a terrorist" while demanding control of the Anthropic console—simultaneously

> constituted the criminal acts that prevented Plaintiff from exercising diligence and provided the catalyst for memory recovery that revealed the full scope of the conspiracy.

*Id*. ¶ 35b.

As Judge Tse noted in an order recommending the dismissal of a similar complaint by Goddard against Amazon—"Thomas Goddard's allegations in this case 'rise to the level of the irrational or the wholly incredible,' and so come within the definition of frivolous under the in forma pauperis statute.'" *Goddard v. Amazon.com, Inc.*, et al., 26-cv-01040-JST, ECF No. 13 (N.D. Cal. Mar. 30, 2026) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). The Court will dismiss the amended complaint on this basis.

Further, the Court finds that Goddard's complaint fails to conform to the requirements set forth in Rule 8. That rule requires that a pleading must contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought." The amended complaint is neither short nor plain. The body of the complaint is 73 pages long, and it incorporates allegations from several other cases. ECF No. 14 at 39–40. The complaint is largely incomprehensible. It is impossible for the Court to determine from these allegations what happened, much less whether the complaint states cognizable claims. "[T]he Court is not obligated to endlessly sift through plaintiff's rambling, confusing, repetitive factual allegations in an attempt to construct cognizable claims on plaintiff's behalf." *Polk v. Beard*, No. EDCV 13-1211-BRO, 2014 WL 4765611, at *5 (C.D. Cal. June 20, 2014), *report and recommendation adopted*, No. EDCV 13-1211-BRO RNB, 2014 WL 4757503 (C.D. Cal. Sept. 24, 2014), aff'd, 692 F. App'x 938 (9th Cir. 2017). "'[A] court . . . may dismiss a complaint sua sponte under Rule 8 on the ground that the complaint 'is so confusing that its true substance, if any, is well disguised.'" *Glendale Outpatient Surgery Ctr. v. United HealthCare Servs. Inc.*, No. 2:18-CV-10550-SVW-SS, 2019 WL 8888305, at *1 (C.D. Cal. Mar. 26, 2019) (quoting *Trevizo v. Webster*, No. CV 17-5868-MWF (KS), 2018 WL 6137625, at *4 (C.D. Cal. Nov. 20, 2018)) (internal citations omitted). "[A] complaint that is too verbose, long, confusing, redundant, irrelevant, or conclusory may be dismissed for failure to comply with Rule 8." *Washington v. City of Glendale*

United States District Court
Northern District of California

*Police Dep't*, No. 2:18-CV-06519- CBM(MAA), 2019 WL 13243998, at *1 (C.D. Cal. Apr. 4, 2019) (citing *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011)). The Court will dismiss Goddard's complaint because it fails to comply with Rule 8.

Goddard has also sought leave to further amend his complaint. ECF No. 42. The proposed amended complaint raises identical implausible claims that Goddard invented Anthropic's AI platform several years before Anthropic was ever incorporated. ECF No. 42-1 ¶ 1 n.8. Like the present complaint, the proposed amended one violates Rule 8. It is clear that amendment would be futile. Accordingly, the Court dismisses the case with prejudice. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: September 24, 2026

JON S. TIGAR
United States District Judge